*Ciba (Inc.)* v. *United States*, 14 Ct. Cust. Appls. 309, T. D. 41913; *Eurasia Import Co., Inc.* v. *United States*, 31 C. C. P. A. (Customs) 144, C. A. D. 265.

Since the collector in the instant case based his assessment of duty on a value other than the entered and appraised value, we hold that his liquidation is in error. The protest is sustained, and judgment will be rendered directing the collector to reliquidate the entry, assessing duty on the basis of the appraised value, and to make refund accordingly.

**No. 60752.**—Morey Machinery Co., Inc. *v.* United States, protest 246382–K (New York).

Opinion by JOHNSON, J. It was stipulated that if the customs regulations had been complied with, the merchandise would have been granted free entry under paragraph 1615, as amended, *supra*, and that the plaintiff has now complied with said regulations. In view of the stipulation and following Abstract 57104, the claim of the plaintiff was sustained.

**No. 60753.**—Morey Machinery Co., Inc. *v.* United States, protest 247810–K (A) (New York).

Opinion by JOHNSON, J. It was stipulated that if the customs regulations had been complied with, the merchandise would have been granted free entry under paragraph 1615, as amended, *supra*, and that the plaintiff has now complied with said regulations. In view of the stipulation and following Abstract 57104, the claim of the plaintiff was sustained.

**No. 60754.**—Murmac Importing Corp. et al. *v.* United States, protests 247515–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiffs was sustained.

**No. 60755.**—Paul A. Straub & Co., Inc. *v.* United States, protests 287763–K, etc. (New York).